```
_____ FILED     _____ LODGED
          _____ RECEIVED
              Aug 04, 2025
          CLERK U.S. DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON AT TACOMA
   BY _____ DEPUTY
```

Magistrate Judge David W. Christel

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

AARON KNAPP

  Defendant.

CASE NO.   3:25-mj-05306

COMPLAINT for VIOLATION

Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)

BEFORE the Honorable David W. Christel, United States Magistrate Judge, U.S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

**(Conspiracy to Distribute Controlled Substances)**

Beginning at a time unknown, and continuing until on or about August 4, 2025, in Pierce, King, Snohomish, Lewis, and Island Counties, within the Western District of Washington, and elsewhere, AARON KNAPP and others known and unknown, did

Complaint - 1
*United States v. Aaron Knapp*
USAO # 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

knowingly and intentionally conspire to distribute controlled substances, including: N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), substances controlled under Title 21, United States Code.

It is further alleged that AARON KNAPP's conduct as a member of the conspiracy charged in Count 1, which includes the reasonably foreseeable conduct of other members of the conspiracy charged in Count 1, involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## COUNT 2

**(Possession with Intent to Distribute Controlled Substances)**

On or about August 4, 2025, in Snohomish County, within the Western District of Washington, AARON KNAPP did knowingly and intentionally possess, with the intent to distribute, controlled substances, including N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a substance controlled under Title 21, United States Code.

It is further alleged that the offense involved 400 grams or more of a mixture or substance containing a detectable amount of fentanyl.

It is further alleged that this offense was committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Distribute Controlled Substances).

All in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

And the complainant states that this Complaint is based on the following information:

I, Daniel Richter, being first duly sworn on oath, depose and say:

**AFFIANT BACKGROUND AND EXPERIENCE**

1.  I am a Special Agent of the Drug Enforcement Administration (DEA),

Complaint - 2
*United States v. Aaron Knapp*
USAO # 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

currently assigned to the DEA Tacoma Resident Office (TRO) in the Seattle Field Division. I am a criminal investigator of the United States within the definition of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 and Title 18 United States Code.

2. I have been a DEA Special Agent (SA) since August 2021. I received formal training at the DEA Basic Agent Training in Quantico, Virginia. The four-month Basic Academy included comprehensive, formalized instruction in, among other things: basic narcotic investigations, drug identification and detection, familiarization with United States narcotics laws, financial investigations and money laundering, identification and seizure of drug-related assets, organized crime investigations, physical and electronic surveillance, and undercover operations.

3. Prior to my employment with the DEA, I worked as a Uniformed Officer, Narcotics Detective, and Sergeant with the Michigan State Police from October 2012 to August 2021. Throughout my employment with Michigan State Police, I received numerous training courses focusing on narcotics investigations and narcotics identification. I obtained training through the DEA on clandestine manufacturing of methamphetamine, fentanyl, 4-Methylenediozymethamphetamine (MDMA), Phenyl cyclohexyl piperidine (PCP), and marijuana extractions.

4. During the course of my law enforcement career, I have been involved in investigations of numerous criminal offenses, including the offenses involved in the current investigation. I have participated in criminal investigations of illicit drug trafficking organizations, ranging from street-level dealers to major dealers, to include drug trafficking organizations linked to Mexico-based organizations. These investigations have also included the unlawful importation, possession with intent to distribute, and distribution of controlled substances; the related laundering of monetary instruments; the conducting of monetary transactions involving the proceeds of specified unlawful activities; and conspiracies associated with criminal narcotics offenses. These

Complaint - 3
*United States v. Aaron Knapp*
USAO # 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

investigations have included use of the following investigative techniques: confidential informants; undercover agents; analysis of pen register and toll records; physical and electronic surveillance; wiretaps; and the execution of search warrants. I have also interviewed defendants at the time of their arrests and have debriefed, spoken with, or interviewed numerous drug dealers or confidential sources (informants) at proffer interviews who were experienced in speaking in coded conversations over the telephone. I have gained knowledge regarding the various methods, techniques, codes, and/or jargon used by drug traffickers in the course of their criminal activities, including their use of cellular telephones and other electronic devices to facilitate communications while avoiding law enforcement scrutiny.

5. The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of the Application for a search warrant and pen register/trap and trace device, it does not set forth each and every fact that I or others have learned during the course of this investigation.

## PROBABLE CAUSE

6. In September of 2022, the DEA began conducting a criminal investigation of a Mexican drug trafficking organization (DTO) operating out of Tacoma, Washington with ties to Nevada, Oregon, and California, regarding possible violations of 21 U.S.C. §§ 841(a)(1) and 846. Agents believed this DTO and its members were responsible for distributing methamphetamine and cocaine in the Western District of Washington and elsewhere. As the investigation progressed, investigators identified two brothers, Rosario and Francisco CAMARGO BANUELOS, as leaders of the DTO who coordinated drug

Complaint - 4
*United States v. Aaron Knapp*
USAO # 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

trafficking taking place in the Western District of Washington and elsewhere. The DTO is referred to herein as the CAMARGO BANUELOS DTO.

7. On June 25, 2025, a Grand Jury in the Western District of Washington indicted several members of the CAMARGO BANUELOS DTO.

8. Through the course of the investigation, **Aaron Christian KNAPP** was identified as a drug customer of the CAMARGO BANUELOS DTO and a drug redistributor residing at 9624 Sharon Dr, Apt A, Everett, WA 98204 (Target Residence 10).

9. **KNAPP** has a criminal history including convictions between 1995 and 2014 for controlled substances and firearm offenses. **KNAPP** is currently on federal supervised release related to his convictions for possession of methamphetamine with intent to distribute and possession of firearms in furtherance of drug trafficking in Western District of Washington case number CR14-347, for which he was sentenced to 120 months' imprisonment.

10. Phone toll analysis on TT56 (used by Francisco CAMARGO BANUELOS) led to agents identifying **KNAPP's** phone. Agents then conducted toll analysis on **KNAPP's** phone, which showed he was also in frequent communication with TT103, a phone also used by Francisco CAMARGO BANUELOS. Through an administrative subpoena to T-Mobile, agents found that **KNAPP's** account address is Target Residence 10.

11. Agents initially identified Target Residence 10 when, after a controlled buy on February 28, 2024, agents observed DTO distributors BONEO NIEBLAS and Aldo MONTES drive a blue Honda Civic (TV11) to Target Residence 10. MONTES and BONEO NIEBLAS were only at Target Residence 10 for approximately three minutes. Based on my training, experience, and knowledge of this investigation, this trip was consistent with numerous drug deliveries I have investigated by these DTO workers and was highly indicative of a drug transaction taking place at Target Residence 10.

Complaint - 5
*United States v. Aaron Knapp*
USAO # 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

12. In June 2025, agents reviewed historical tracking data for TV12, a vehicle known to be used by two DTO drug distributors, BONEO NIEBLAS and GARCIA OLIAS, to conduct drug transactions. Between July 30, 2024, and November 28, 2024, historical tracking data showed the vehicle drove to Target Residence 10 on ten separate occasions. Each time, TV12 was only at the residence for a short duration, from the briefest stop of approximately two minutes to the longest stop of approximately 11 minutes.

13. Based on previous observations, agents' knowledge that MONTES, BONEO NIEBLAS, and GARCIA OLIAS are drug distributors for the CAMARGO BANUELOS DTO, and the numerous short stays at Target Residence 10, I believe, based on my training, experience, and knowledge of this investigation, that DTO members are regularly selling drugs to **KNAPP** and delivering the drugs at Target Residence 10.

14. On June 17, 2025, using phone location data for TT106, a phone used by BONEO NIEBLAS, I observed BONEO NIEBLAS travel to Everett, WA. Through electronic surveillance footage positioned on Target Residence 10, I observed an individual I believe to be BONEO NIEBLAS walk through the covered carport. I then saw **KNAPP's** door, located behind the carport, open. Shortly thereafter, BONEO NIEBLAS left Target Residence 10.

15. Similarly, on June 30, 2025, I reviewed electronic surveillance footage for Target Residence 10. BONEO NIEBLAS was again seen arriving at **KNAPP's** residence. This time he appeared to be cradling something in his arms. Shortly thereafter, BONEO NIEBLAS left Target Residence 10.

16. On July 27, 2025, electronic surveillance data for BONEO NIEBLAS's vehicle, TV21, showed that it travelled to Target Residence 10 for approximately eight minutes before leaving. Based on my training, experience, and knowledge of this investigation, I believe each of the above trips by BONEO NIEBLAS to Target

Complaint - 6
*United States v. Aaron Knapp*
USAO # 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Residence 10 are consistent with the types of drug deliveries that BONEO NIEBLAS is known to conduct.

17. Based on the frequency of trips members of the DTO have made to Target Residence 10, including trips as recently as July 2025, it appears that **KNAPP** has a continuing drug trafficking relationship with the CAMARGO BANUELOS DTO.

18. On July 30, 2025, United States Magistrate Judge Theresa L. Fricke signed a search warrant to search several locations related to the CAMARGO BANUELOS DTO including KNAPP's residence, Target Residence 10.

19. On August 4, 2025, agents executed the search warrant on **KNAPP's** residence, Target Residence 10. At that location, in a tool shed on the property in front of the door to **KNAPP's** residence, agents recovered a large number of packages of suspected fentanyl pills. Agents photographed the suspected fentanyl and money (pictured below).



Complaint - 7
*United States v. Aaron Knapp*
USAO # 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

20. The suspected fentanyl pictured in the photograph above was weighed and field-tested by agents, testing positive for fentanyl with a gross weight of 2.628 kilograms (including packaging).

**CONCLUSION**

21. Based on the above facts, I believe probable cause exists that Aaron KNPAPP did knowingly and intentionally conspire to possess with intent to distribute controlled substances and possess, with the intent to distribute, controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

                DAN RICHTER, Complainant
                Special Agent
                Drug Enforcement Administration

Based on the Complaint and Affidavit sworn to me via reliable electronic means, the Court hereby finds that there is probable cause to believe the defendant committed the offense set forth in the Complaint.

Dated this 4th day of August, 2025.

                DAVID W. CHRISTEL
                United States Magistrate Judge

Complaint - 8
*United States v. Aaron Knapp*
USAO # 2022R01047

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800